IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| In re: | CV 21–121–M–DWM |
| PAMELA J. STOKES, | |
| Debtor. | ORDER |

On September 28, 2021, United States Bankruptcy Judge Whitman L. Holt dismissed the debtor's chapter 13 bankruptcy petition and barred her from refiling any further bankruptcy petitions until September 29, 2023. (*See* Bankr. Case No. 9:21-bk-90126-WLH, Doc. 64.) He also denied her request for a stay pending appeal of that decision. (*Id.* at Doc. 69.) The debtor now seeks a stay from this Court. (Doc. 3); *see* Fed. R. Bankr. P. 8007(b). That request is denied.

As explained by Judge Holt, this case arises out of "the debtor's and her husband's serial, abusive, and bad-faith filings used as a delay and litigation tactic in a two-party dispute about a parcel of real property already resolved in Montana state-court." (Bankr. Case No. 9:21-bk-90126-WLH, Doc. 69 at 1.) The Court adopts Judge Holt's analysis of the four relevant stay factors. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). The only changed circumstance at this point is the debtor's allegation that an eviction has now been scheduled for October 23, 2021. (*See* Doc. 3 at 2.) The debtor provides no documentation, however, regarding the

1

pending eviction. And, more importantly, even if she did, a stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427. As detailed in numerous court orders, the debtor and her husband have used and abused the bankruptcy system for years to avoid the unfavorable outcome of a state law real property decision. (*See also* Bankr. Case No. 9:21-bk-90013.) A stay is not warranted based on these facts.

Accordingly, IT IS ORDERED that the debtor's motion for stay (Doc. 3) is DENIED.

DATED this 18th day of October, 2021.

13:25 P.M.

Donald W. Molloy, District Judge
United States District Court